

Bin Yang
325 North Maple Drive #14
Beverly Hills, CA 90213
theprince168@protonmail.com
Telephone:  (310) 668-1828

**FILED**
CLERK, U.S. DISTRICT COURT

MAY 31, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JG_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

BIN YANG

    Plaintiff

    v.

ALLSTATE INSURANCE COMPANY

    Defendant

Case No. 2:23-cv-03016-GW-PD

The Hon. George H. Wu
Courtroom 9D

**FIRST AMENDED COMPLAINT OF GIVING "GOOD HANDS" TO INVADERS**

-1-

**INTRODUCTION**

On August 16, 2022 about 9pm, Plaintiff's former landlord teamed up with Amazon, cut Plaintiff's locker, broke into her unit at 10505 Valley Blvd. #336, El Monte, CA 91731, stole various valuable and intellectual property, and threw the rest of her property, including her daily necessity, on the parking lot of the next building.

Plaintiff' had renter and auto policies with Allstate Insurance Company (Defendant) since 2019, and Defendant had been quick to recover Plaintiff in the past. However, Defendant has been using all excuses to delay her recovery and unreasonably denied her policy benefits. Plaintiff finally realized that Defendant wants to give their 'GOOD HANDS" to Amazon, one of the invaders, instead of their insured.

Unable to solve the dilemma, Plaintiff filed a complaint at the Superior Court of Los Angeles on January 26, 2023. Defendant filed demurrer and motion to strike, accusing Plaintiff's uncertainties. The Superior Court Judge ordered Plaintiff to amend her complaint per Rule 2.108 on April 20, 2023. Then Defendant moved the case to the Federal Court the next day and has made up more stories and misled Plaintiff further since. Plaintiff hereby submit her amended complaint to the Federal Court.

**CAUSES OF ACTION**

**1. Breach Contract**

Plaintiff had a renter policy with Defendant when the break-in happened. Defendant has breached the contract since it refuses to carry its duty.

a.    Plaintiff had an active policy when the break-in happened on August 16, 2022, which covered up to $15,000.00 property losses, increased living expenses, $100,000 for each family liability, and $1000 per each guest's medical bill (Ex 1). Plaintiff started her renter and auto policies with Defendant in September 2019 and ended in November 2022 with a short interruption in July 2022 due to Plaintiff's bank change.

b.    The insured property was Plaintiff's storage place at 10505 Valley Blvd. #336, El Monte, CA 91731 throughout the insured period. If the property was insured

-2-

1    when Defendant took payments, the unit should remain insured when Defendant needs
2    to pay benefits.  No storage place is required to have a toilet, and Defendant did not list
3    such an unusual requirement in the contract. Plaintiff's unit happened to have a toilet
4    down the hallway.  Defendant's agent mistaken the address on Plaintiff's driver license as
5    insured's address and listed insured's address as a mailing address.

6        c.      Defendant's breach of contract has caused dramatic damages to Plaintiff
7    since Plaintiff took the storage unit like her second home during the pandemic, and
8    invaders stole her intellectual, valuable and most of her daily necessity.  Subsequently,
9    Plaintiff has to increase her living expense, suffer additions time and resource losses as
10   well as physical and mental suffering, and seek support from her family.

11       **2.  Insurance Bad Faith**

12       Defendant refuses to make a good faith effort to fairly settle the claim when liability
13   is reasonably clear although Defendant only took weeks in the past.  Plaintiff sues
14   Defendant for bad faith with ample facts besides a legal code.

15       **a.  Make up excuses, laws and stories**

16       1) Abuse Under Oath Examination (UOE).
17   During UOE, Defendant's attorney made up stories to accuse Plaintiff for abusing policy.
18   The most shocking one was that <u>the attorney claimed that the landlord had the right to</u>
19   <u>break in Plaintiff's unit when break-in can be a felony charge!</u>  <u>No reasonable attorney</u>
20   <u>would have said so unless she was under a big influence or had a strong financial</u>
21   <u>interest</u>.  The attorney also knew so much about the conflict between Plaintiff and her
22   former landlord way before Defendant investigator contact the landlord, and landlord
23   never called her back, which Plaintiff will explain more below.  The attorney also accused
24   Plaintiff of not sending files, reclaiming video camera, and not submitting financial
25   statements, but none was true. Plaintiff caught her right at UOE (Ex 2).

26
27
28

1    After UOE, Defendant sent the transcript to the wrong address that Plaintiff was no
2  longer there (Ex. 3) and wanted to further delay the transcript with their office policy after
3  Plaintiff called their law office.

4    2) Abuse a non-existing lease agreement

5    Defendant's investigator never asked Plaintiff about her lease agreement until but
6  blamed Plaintiff for not having one.  Plaintiff only got a call to "renew lease with old
7  landlord" on November 10, 2020.  In fact, the landlord did not give Plaintiff a lease
8  agreement since Plaintiff was on "month-to-month," which was one issue Plaintiff sued
9  the landlord. Plaintiff's monthly checks for her rent and court cases (20PSCV00877 and
10  22PSCV00619) could prove that unit was hers.  Yet, her supervisor still blamed Plaintiff
11  for having no lease agreement in December 2022.

12    3) Abuse non-required toilet

13  Defendant's claim supervisor Jenifer told Plaintiff in December 2022 that Defendant only
14  insures storage places with a toilet.  No reasonable insurance company would have such
15  a requirement unless it is under a big influence and has a strong financial interest, for
16  most storage places have no toilet. Also, Defendant did not list the requirement in its
17  contract. In fact, Plaintiff's unit happened to have a toilet down the hallway, but that made
18  no difference to Defendant.

19    4) Abuse Police Report

20    It is standard to report break-in and associated losses to police, which Defendant
21  also requires insured to do so.  Now Defendant's consult accuses Plaintiff of reporting to
22  police to get help from police in his demurrer (Demurrer P.3).

23    **b. Unreasonably denied policy benefits**

24  Plaintiff had an active renter policy with Defendant to insure her unit when the break-in
25  happened on August 16, 2022.  However, Defendant has used the above excuses and
26  story-making to delay Plaintiff's coverage, denied Plaintiff's reasonable benefits and
27  breached the contract.

28

-4-

### c. Compel the insured to litigate the claim

Plaintiff has to litigate the claim because Defendant refuses to make a good faith effort to fairly settle claims when liability is reasonably clear, which causes Plaintiff extra losses and suffering.

### 3. Give Invaders "Good Hands"

It is common that insurance companies deny claims to save money. However, Defendant has a different motive in this small claim.

Amazon has been hacking Plaintiff and her business since 2020 as Plaintiff refused to "sell" her business. Amazon took advantage the conflict between Plaintiff and her former landlord and broke in Plaintiff's unit to steal and rob Plaintiff to make Plaintiff kneel for life. Defendant has done no reasonable insurance company would to assist Amazon.

a. **Amazon was one of the invaders.** Home invasion is a felony charge. No reasonable attorney would say that the landlord has the right to break in Plaintiff's unit unless the person is under a big influence or has a strong financial interest. Defendant's attorney did during UOE.

Also, the attorney already knew so much about the conflict between Plaintiff and her former landlord in September 2022 as if she worked at the property, way before Defendant's investigator started to question Plaintiff's lease agreement in November 2022. In fact, the investigator never got any call back from the landlord since Plaintiff listed their manager's phone number as their contact number when Plaintiff filed her claim, and the manager quitted his job soon after the break-in took place.

b. **Defendant took more 6 months in this case** but only took weeks to recover Plaintiff's past losses. Unlike previous losses, it is clear in this case who the invaders are, and Defendant can easily get their money back from invaders. However, Defendant has used various excuses to delay and deny Plaintiff's recovery. Amazon wants to make

1  Plaintiff kneel for life.  Delaying and denying Plaintiff's recovery is exactly what Amazon
2  needs.

3       c.  **No reasonable** insurance company requires a storage place to have a toilet as
4  most storage places do not.  Defendant did not list the unusual requirement in their
5  contract.  Defendant's claim supervisor could tell Plaintiff that Defendant only insure
6  storage places with a toilet in December 2022.  Now Defendant's consult also wants to
7  abuse the unusual requirement in his motion to strike.  In fact, Plaintiff unit had a toilet
8  down the hallway.

9       4.  **Fraud on the Court**

10      In May, Defendant turned Plaintiff's storage place into "a residential apartment in a
11  commercial building" on the Joint Rule 26(f) Report, so Defendant can deny Plaintiff's
12  recovery from Day 1 for misrepresentations in the application for insurance.  Defendant
13  also created a letter from the former landlord on October 28, 2022, saying he broke in
14  Plaintiff's unit and evicted her, and a letter on December 8, 2022, requesting for Plaintiff's
15  bank records and the records related to her landlord dispute.  The two gave Defendant
16  more reasons to deny Plaintiff's benefits.  In the end, Defendant wanted to deny Plaintiff's
17  benefits before Plaintiff filed her complaint.

18                                         **LAWS**

19      Plaintiff had a renter policy with Defendant when the break-in happened in August
20  16, 2022.  The unit insured when Defendant took 3-year payments should remain insured
21  when Defendant should honor the contract and pay benefits.  There was no unusual
22  requirement listed in the contract, such as a toilet.

23      The insured storage place was like Plaintiff's home during the pandemic.  Home
24  invasion is a felony charge because victims are often unprepared, and the invasion can
25  impact their work and life the most.  Defendant ought to recover Plaintiff urgently to
26  enable her to get back on her feet, and Defendant can also get their money back easily
27  since invaders are clear.

28

AMENDED COMPLAINT OF GIVING "GOOD HANDS" TO INVADERS

1      However, Defendant has used various excuses to delay and deny recovery and
2  drained out more of Plaintiff's time and resources.  Defendant has not only breached the
3  contract, committed insurance bad faith, but also done what no reasonable insurance
4  companies would to give their "good hands" to invader, Amazon.

5      Defendant should pay not only Plaintiff's property losses, increased living
6  expenses, time and financial losses as well as physical and mental suffering, but also the
7  loss and suffering of Plaintiff's family.  In addition, Defendant ought to pay punitive
8  damage for giving their "good hands" to invaders when Plaintiff was most vulnerable and
9  need help the most.

10                                  **PRAYER**

11      Plaintiff prays the Court to order Defendant to pay $15,000 for her property losses,
12  intellectual property, time and opportunity losses for $1.2 million and punitive $2.4 million $250,000
13  for the increased living expenses, time and financial losses and physical and mental
14  suffering of Plaintiff and her family, and $3,500,000 for punitive damages.
15  Respectfully submitted,

16

17

18  Bin Yang                                    Dated: May 23, 2023

19

20

21

22

23

24

25

26

27

28

-7-

1  **DECLARATION OF BIN YANG**

2  I, Bin Yang, declare:

3  I am above 18 years old, a party with a beneficial interest in the case. I have the

4  personal knowledge of the matters set forth in this Declaration and, if called as a

5  witness, could and would testify truthfully and competently thereto.

6

7  I declare under the penalty of perjury under the laws of the State California the

8  foregoing is true and correct and that the declaration was executed on May 23, 2023, at

9  Los Angeles, CA.

10

11

12  Date & Time:

13

14  5/23/2023                    Bin Yang

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

AMENDED COMPLAINT OF GIVING "GOOD HANDS" TO INVADERS

## Renters Policy Declarations



Your policy effective date is July 27, 2022

Page 1 of 3

## Total Premium for the Premium Period (Your bill will be mailed separately)

| | |
|---|---|
| Premium for property insured | $127.00 |
| **Total** | **$127.00** |

*Your bill will be mailed separately. Before making a payment, please refer to your latest bill, which includes payment options and installment fee information. If you do not pay in full, you will be charged an installment fee(s).*

*See the Important Payment and Coverage Information section for details about installment fees.*

## Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Protective Device | 5% | Full-time Occupancy | 15.60% |

## Location of property insured

10505 Valley Blvd Ste 324, El Monte, CA 91731-2442

## Rating Information

The dwelling is of frame construction and is occupied by 20 families

## Additional Interested Party

None

Information as of July 27, 2022

## Summary

Named Insured(s)
Bin Yang
Mailing address
**10505 Valley Blvd Ste 336
El Monte CA 91731-2496**
Policy number
999 724 927

Your policy provided by
**Allstate Insurance Company**
Policy period
Begins on July 27, 2022 through July 27, 2023 at 12:01 a.m. Pacific Time, and continues until cancelled
Premium period
Beginning July 27, 2022 through July 27, 2023 at 12:01 a.m. Pacific Time

Your Allstate agency is
**Ed Garcia Ins Svcs**
1936 Durfee Ave
South El Monte CA 91733-3711
(626) 454-1724
EGARCIA@ALLSTATE.COM

Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.

## Coverage detail for the property insured

| Coverage | Limits of Liability | Applicable Deductible(s) |
|---|---|---|
| Personal Property Protection - Reimbursement Provision | $15,000 | ° $500 All peril |

CA071NBD



Renters Policy Declarations
Policy number:        999 724 927
Policy effective date:   July 27, 2022

| Additional Living Expense | Refer to Policy |
| Family Liability Protection | $100,000 each occurrence |
| Guest Medical Protection | $1,000 each person |
| Workers' Compensation and Employers' Liability Coverage for Residence Employees | Statutory/See Form |

▷ *Other Coverages Not Purchased:*

- Business Property Protection*
- Business Pursuits*
- Cellular Communication System*
- Electronic Data Processing Equipment*
- Extended Coverage on Cameras*
- Extended Coverage on Jewelry, Watches and Furs*

- Extended Coverage on Musical Instruments*
- Extended Coverage on Sports Equipment*
- Fire Department Charges*
- Home Day Care*
- Incidental Office, Private School Or Studio*

- Increased Coverage on Building Improvements*
- Increased Coverage on Money*
- Increased Coverage on Securities*
- Increased Silverware Theft Limit*
- Lock Replacement*
- Satellite Dish Antennas*
- Waterbed Liability*

*\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your agent to discuss available coverage options and other products and services that can help protect you.*

*This policy does not cover earth movement including earthquake.*

*You have elected not to purchase a CEA earthquake policy.*

## Scheduled Personal Property Coverage

*Your policy does not include Scheduled Personal Property Coverage. This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your agent to discuss available coverage options and other products and services that can help protect you.*

## Your policy documents

Your Renters policy consists of the Policy Declarations and the following documents. Please keep them together.

- Renters Policy – AP5
- Amendment of Policy Provisions – AP425
- California Standard Fire Policy Provisions – AP1862-2

- California Paperless Disclosure – AU14943
- California Renters Amendatory Endorsement – AP4481-4
- California Workers' Compensation And Employers' Liability Coverage For Residence Employees Coverage Form – AP1127

## Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill.

▷ The Property Insurance Adjustment condition applies using the Marshall Swift Boeckh publications personal property cost estimating index.

*(continued)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 2

AMENDED COMPLAINT OF GIVING "GOOD HANDS" TO INVADERS

# Allstate Claim 0681658944

11/21/2022        Re: Allstate Claim 0681658944

Dear Ms. Sepulveda,

I finally got the UOE transcript on Nov 18, 2022, more than 3 months after the invasion.

As I said during UOE, 10505 Valley Blvd. #336, El Monte, CA 91731 was like my home (P24).  It was home invasion as the invaders broke in by force (P112), and the invaders should be charged felony.  I lost most daily necessary and need urgent recovery.  However, I had to go through UOE since you mistook my hesitation due to the insecurity of iPhone secondary to continuous hacking.  Your attorney not only falsely accused me over and over during UOE but also knowingly delay the process.

I told you your attorney has been bribed by Amazon, and the UOE transcript is the best evidence.  Your attorney knew the exact address where she should send the transcript as I informed her during UOE (P126).  Yet, your attorney knowingly sent the transcript to the wrong address (their letter to me dated on Oct 20, 2022) and wanted to abuse pandemic and office process to further delay.  Diane had to call the law office 3~4 times before I could receive the transcript electronically on Nov 18, 2022.

Your attorney dare to claim that the landlord had the right to break in during the UOE even when the landlord denied (P114).  In addition, she falsely accused me 4 other issues.  First, she accused me abuse renter policy while I had the policy since 2019 and the policy was interrupted due to the payment interruption secondary to Amazon's abuse (P23~26).  The interruption happened to my auto insurance payment as well.  Second, she accused me not to send her files and photos when she said she would get them from the adjuster and used the material to accuse me during UOE (P79-80. P93-94).  Third, she accused me not reporting Sony camera after I found it as Allstate paid for it, and I had to do calculation with her to prove that Allstate did not (P94).  She also accused me not submit financial statements when I only need to sign authorization, and I did (P121-122).  In fact, her office never emailed me until Nov 18, 2022.

There are several alternation on the transcript to support her accusation and make me look bad.  I have pointed out on Errata (Attached).  All States when I moved to the new location in El Monte (P21), where (P16, 20, 125), and how much the rent was at that time (P56).  Yet, I got a call to "renew lease with old landlord" on November 10, 2020 and then I was told the next day that Allstate would not renew my renter policy.

Home invasion is felony.  I lost most daily necessary and need urgent recovery.  Yet, my recovery has been delayed over and over.  The above are the best evidences of your attorney's bad faith.  I often do not get call back from you when I follow up.  Allstate is responsible for the wrong doing of its employees.

I urge Allstate resolve this case this week.  It will be at least $150,000 if I have to go the court.  Attached please find UOE transcript, your attorney letter to me dated on Oct 20, 2022 and my Errata.

Sincerely,

Bin Yang


11/18/2022

Re: Allstate Claim 0681658944

Dear Ms. Yang,

I am confirming our conversation. The attorney's office just sent you an Email with instructions on reviewing and returning the Errata sheet listing any changes in your testimony. Please return the Errata Sheet to the attorney's office. You can Email it to Mechelle at claims.claims.allstate.com. The Errata sheet will be sent to your electronic claim file and Mechelle will be notified. You need to make sure you put the claim number in the subject line, or it will not attach.

Diane Sandwick
Allstate Insurance Company
Phone: (480) 877-4334
Fax: (855) 219-7494
claims@claims.allstate.com

1
2

## PROOF OF SERVICE

3
I am a resident of the County aforesaid; I am over the age of 18 years; my address is: 9454 Wilshire Blvd, #600. Beverly Hills, California 90212.

4
5
On May 24, 2023, I served the within **AMENDED COMPLAINT OF GIVING "GOOD HANDS" TO INVADERS** on the interested parties in said action,

6
7
( ) through email
(x) through mail

8
9
John D. Edson
jedson@sheppardmullin.com
10
Sheppard, Mullin, Richter & Hampton, LLC
501 West Broadway, 19th Floor
11
San Diego, CA 92101
Tel: 619-338-6500
12
13
Executed on May 24, 2023, at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.
14
15
16

J. S.

17
Judith Sullivan
18
19
20
21
22
23
24
25
26
27
28

-14-